# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DESTINED C.M.D. GEORGE,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:19CV00631 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DR. P. MOORE, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |
| ) | |

*Destined C.M.D. George, Pro Se Plaintiff; Liza S. Simmons, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Defendants.*

In this prisoner civil rights action under 42 U.S.C. § 1983, the plaintiff has submitted an Amended Complaint[1] that the court also construed and docketed as a motion seeking a preliminary injunction regarding his alleged need for dental care at Red Onion State Prison ("Red Onion"), ECF No. 13. After review of the documentation provided by the Warden of Red Onion, I find that this motion must be summarily denied.

---

[1] The Amended Complaint alleges that George received inadequate dental care in April of 2019 at Red Onion, that defendant Hubbard retaliated against him in July of 2019 by nearly choking him with an X-ray device, and that he is still suffering adverse effects from the defendants' actions. The court has recently initiated service of process on the defendants to those claims, who have not yet responded to George's allegations.

George alleges these facts in support of his request for interlocutory relief. On April 8, 2019, he "was given a filling in the wrong tooth, even after the defendants stated they couldn't see any cavities on the X-Ray." Mot. Prelim. Inj. 1, ECF No. 13. The cavity George had allegedly identified to the defendants remained untreated, and the new filling caused him new, "excruciating pain." *Id.* He was provided with nutritional supplements and pain medication to address his pain and his difficulty while eating. Other fillings the defendants have given George also allegedly "cause continuous pain." *Id.* He claims to have lost approximately 40 pounds.

George filed the motion seeking interlocutory injunctive relief in early November of 2019. The court directed Warden Kiser of Red Onion to respond, and he has done so, submitting an affidavit concerning his investigation of George's dental care at the facility.

George arrived at Red Onion in December of 2018. Warden Kiser is not a dentist, but he reports that George has received treatment as recommended by qualified dental professionals who have assessed his current condition and complaints. Dental records indicate that since April 8, 2019, George has been seen approximately nine times for dental care. The facility's dental staff have provided him with assessment, tooth cleanings, fillings, and X rays, as they determined appropriate for his condition.

Most recently, on November 26, 2019, George filed a grievance complaining that during an October 28, 2019, dental examination, he did not receive medicated fillings that Dr. Moore had recommended. Based on an investigation of George's dental records, the Level I response to his grievance reported as follows:

> On October 28, 2019, you were seen by Dental for a complaint of pain on top and bottom left of mouth when chewing. You reported no pain to sweets, hot, cold and no response when tapping on the teeth. Your fillings are intact and you have no broken teeth. Your bite was checked and you were evaluated for grinding. Dr. Coleman placed you on medication and you had an impression for a bite guard. Temporar[y] medicated fillings are for teeth with large deep decay. Your teeth are already filled and they are not deep. There is no reason to drill out permanent fillings and put in temporary fillings.

Kiser Aff. Enclosure A, ECF No. 22-1.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.*

Only deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A nurse practitioner or other jail staff person is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*,

511 U.S. 825, 837 (1994).  "This deliberate indifference standard is not satisfied by a showing of mere negligence, a mere error of judgment or inadvertent failure to provide medical care, or mere disagreement concerning questions of medical judgment."  *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (internal quotation marks, alterations, and citations omitted).

George, in his motion seeking interlocutory relief to obtain different dental treatment, fails to state facts meeting the four required elements in the *Winter* case. George has been provided extensive dental care during his confinement at Red Onion, as dental personnel have tried various treatments to address his dental conditions and pain.  He believes that the care provided was not correct or was insufficient to alleviate his symptoms.  Such disagreements between patient and professional as to the appropriate course of treatment do not support a finding of deliberate indifference.  Accordingly, George's current allegations do not show a likelihood that he will succeed on the merits of his constitutional claim.  Thus, George has not met one of the four showings required under *Winter* for interlocutory injunctive relief.  Accordingly, it is **ORDERED** that George's motion seeking a preliminary injunction, ECF No. 13, is DENIED.

      ENTER:  January 3, 2020

      /s/  James P. Jones
      United States District Judge